Wahida Noorzad [CA Bar No: 200622]
SAAD AHMAD & ASSOCIATES
39111 Paseo Padre Parkway, Suite 217
Fremont, CA 94538
Telephone: (510) 713-9847
Fax: (510) 713-9850
Attorney for Plaintiff:
Abdulfatah Abdulla Abozaid

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| Abdulfatah Abdulla Abozaid,<br><br>    Plaintiff,<br><br>v.<br><br>John F. Kerry, United States Secretary of State; Michelle T. Bond, Acting Assistant Secretary for Consular Affairs; Brenda Sprague, Deputy Assistant Secretary for Passport Services<br><br>    Defendants | Case No. _____<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

This action arises out of the constitutional, statutory, and regulatory violations committed by the Defendants. Abdulfatah Abdulla Abozaid ("Plaintiff"), by and through the undersigned counsel, hereby respectfully ask this Honorable Court to issue a judicial declaration invaliding John F. Kerry ("Defendant Kerry"), Michelle T. Bond ("Defendant Bond"), and Brenda Sprague ("Defendant Sprague") (hereinafter collectively "Defendant")'s decision to revoke Plaintiff's United States passport under 8 U.S.C. § 1504(a), codified at 22 C.F.R. § 51.62(a)(2).

The Defendant violated the Plaintiff's fundamental right to travel internationally without the procedural safeguards under the Fifth Amendment of the Constitution. The Defendant failed to establish by clear and convincing evidence that Plaintiff's passport was fraudulently or illegally obtained. The Defendant also deprived Plaintiff of a meaningful opportunity to be

1

heard. Defendant's decision was "arbitrary and capricious" in violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §706(2)(A). APA provides that a court reviewing an agency action shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . .." In support of this complaint, Plaintiff alleges as follows:

## INTRODUCTION

1. 8 U.S.C. § 1504(a) authorizes the Secretary of State to cancel a passport "if it appears that such documents was illegally fraudulently, or erroneously obtained from, or was created through illegally or fraud practiced upon, the Secretary." The Department of State ("Department") codified this statute in its regulations at 22 C.F.R. § 51.62(a)(2) (passport may be revoked if "[t]he passport has been obtained illegally, fraudulently, or erroneously; was created through illegality or fraud practiced upon the Department; or has been fraudulently altered or misused").

2. When a passport is revoked pursuant to 8 U.S.C. § 1504(a), the affected individual "shall be given ... written notice of the cancellation" "together with the procedures for seeking a prompt post-cancellation hearing." Id. See also, 22 C.F.R. § 51.65(a) ("The Department will notify in writing any person whose application for issuance of a passport has been denied, or whose passport has been revoked.").

3. The hearing is presided over by a hearing officer appointed by the Department who has the task of "mak[ing] findings of fact and submit[ting] recommendations based on the record of the hearing ... to the Deputy Assistant Secretary for Passport Services in the Bureau of Consular Affairs." See 22 C.F.R. § 51.7l(a).

4. The hearing officer "may not consider any information that is not also made available to the person requesting the hearing and made a part of the record of the proceeding."

See 22 C.F.R. § 51.71(d). Both the individual and the Department may submit testimony, evidence, or witnesses at the hearing. See 22 C.F.R. § 51.7l(c). The individual may be represented by counsel. See 22 C.F.R. § 51.71 (b). The hearing officer "may impose reasonable restrictions on relevancy, materiality, and competency of evidence presented." See 22 C.F.R. § 51.71(d).

5. In Kent v. Dulles, 357 U.S. 116 (1958), the Supreme Court held that Congress had not authorized the Secretary of State to inquire of passport applicants as to any affiliation with the Communist Party finding that "[t]he right to travel is a part of the 'liberty' of which the citizen cannot be deprived without the due process of law under the Fifth Amendment." Id. at 125. In so holding, the Court observed that "[t]ravel abroad, like travel within the country, may be necessary for a livelihood. It may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." Id. Because the hearing involves deprivation of a significant liberty interest the standard of proof under the Fifth Amendment of the United States Constitution should require the Department to sustain a revocation by clear and convincing evidence.

6. The hearing officer makes findings of fact and recommendations, which the Deputy Assistant Secretary for Passport Services relies on in deciding whether to uphold the denial or revocation of a passport. The Deputy Assistant Secretary for Passport Services' decision is the agency's final decision. See C.F.R. § 51.74.

**JURISDICTION**

7. This Honorable Court has original jurisdiction over this action under 28 U.S.C § 1331 because it arises under the constitution, laws, and treaties of the United States.

8. This Honorable Court has jurisdiction over this action under 28 U.S.C § 2201, the Federal Declaratory Judgment Act.

9. This Honorable Court has jurisdiction under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702, because this action arises from a legal wrong that resulted from an agency action.

10. The Honorable Court also has jurisdiction over this action under APA, 5 U.S.C. §§ 704 and 706, a final agency determination that was not in accordance with the law.

## VENUE

11. Venue lies in the United States District Court for the Northern District of California, San Francisco Division, judicial district in which Plaintiff resides. See 28 U.S.C § 1391(e).

## PARTIES

12. The Plaintiff is a native of Yemen and a citizen of the United States. He resides in San Francisco, California.

13. Defendant Kerry is the United States Secretary of State and is sued in his official capacity. Defendant Kerry is empowered by statute to grant, issue, and cause passports to be Granted. See U.S.C. § 211a.

14. Defendant Bond is the Acting Assistant Secretary for Consular Affairs for the U.S. Department of State and is sued in her official capacity. In this position, Defendant Bond oversees the Bureau of Consular Affairs, which has been delegated the authority to adjudicate U.S. passports at Embassies and Consulates outside the United States in the Office of Passport Services. See 7 F.A.M. § 1311(e).

15. Defendant Sprague is the Deputy Assistant Secretary for Passport Services for the U.S. Department of State and is sued in her official capacity. Defendant Sprague oversees the Office of Passport Services and is empowered to make final decisions concerning the revocation of U.S. passports. See 22 C.F.R. § 51.74. Defendant Sprague made the State

Department's final decision by upholding the revocation of Plaintiff's passport.

16. Defendant U.S. Department of State (the "State Department" or "Department") is a federal agency responsible for overseeing the issuance of U.S. passports and protecting and assisting U.S. citizens living or traveling abroad.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. The United States Supreme Court had explained that "two conditions must be satisfied for agency action to be final: First, the action must be the consummation of the agency's decision-making process,--and must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177-78 (1997).

18. Under 8 U.S.C. § 1451(a), the Deputy Assistant Secretary for Passport Services' decision is the agency's final decision. Thus Plaintiff has exhausted all of his administrative remedies as required by law before seeking review in this court.

## STATEMENT OF FACTS

19. Plaintiff is a 26-year old native of Yemen and a citizen of the United States. Since 2009, he has been married to Amal Hassan Abdo Ali, a native and citizen of Yemen. Plaintiff and his wife have two young children. Plaintiff's wife and children still reside in Yemen.

20. Plaintiff was born in Yemen on January 1, 1990. Plaintiff's father, Abdullah Mohamed Abozaid, became a United States Citizen on February 6, 1984, and married his mother, Hend Albalaki, on November 23, 1987.

21. On July 2, 1999, the Department of Justice issued Plaintiff a Certificate of Citizenship under the Registration Number A46-173-023.

22. On December 4, 1999, the Department of State issued Plaintiff a passport in his true name, Abdulfatah Abdulla Abozaid, passport number 055-892-655.

23. On September 28, 2004, the Department of State issued Plaintiff a passport in his true name, Abdulfatah Abdulla Abozaid, passport number 057-610-941.

24. On September 3, 2009, the Department of State issued Plaintiff a passport in his true name, Abdulfatah Abdulla Abozaid, passport number 459-987-502.

25. In early 2013, Plaintiff requested an appointment at the U.S. Embassy in Sana, Yemen to apply for a passport for his son, Mohamed Abozaid. He was given an appointment for April 2, 2013.

26. On April 2, 2013, Plaintiff, his wife, and his 11-month old son arrived at the U.S. Embassy in Sana at approximately 7:30 a.m. At approximately 9:30 a.m., Plaintiff was interviewed by a consular official in connection with his son's passport application. Plaintiff presented to the consular official the following documents in support of his son's application: (1) Certificate of Citizenship; (2) a copy of his passport issued in 1999; (3) a copy of his passport issued in 2004; (3) a copy of his passport issued in 2009; (4) a copy of his birth certificate; (5) a copy of his ID Card from Yemen; and (6) a copy of his marriage certificate.

27. At approximately 10:30 a.m. Plaintiff was taken into a small room where he was further questioned by David Howell, Special Agent of the Diplomatic Security Service, United States Department of State, and two Arabic-speaking men, with regard to his identity, his relationship to his father, his mother, his wife, and his siblings.

28. Plaintiff was interrogated non-stop in a small room for nearly seven hours. He was accused of presenting false documents to obtain his passport. Plaintiff asked to speak to an attorney but his request was denied. Special Agent Howell and the other men kept pressuring Plaintiff to admit that he was not Abdulfatah Abdulla Abozaid. Plaintiff repeatedly and

staunchly denied the allegations of fraud and misrepresentation in connection with his various passport applications.

29. By 5 o'clock that evening, Plaintiff was at his wit's end. He had been at the embassy since early morning and had not eaten anything all day. Plaintiff could also hear his infant crying outside in the hallway because he had not eaten too since morning. Plaintiff felt helpless and trapped. He feared for his and his family's safety. Plaintiff was so fed up with the situation that he told his interrogators that he was willing to sign anything as long as he and his family were allowed to leave the embassy.

30. Plaintiff was forced to sign a sworn affidavit which was in written in English. Plaintiff was not even told what he was signing or explained its contents in his native language. Plaintiff was also not given a copy of the sworn affidavit and his passport and Certificate of Citizenship were confiscated.

31. Plaintiff, his wife, and son were allowed to leave the embassy around 6:15 p.m. At that time he learned that his wife and son had been held in a small room while he was being interrogated by Special Agent Howell and his men.

32. On December 15, 2013, the Department of State revoked Plaintiff's passport (#459987502) pursuant to 22 C.F.R. § 51.62(a)(2), based on its determination that the passport had been fraudulently obtained. The sole evidence in support of the revocation was a sworn statement signed by Plaintiff dated April 2, 2013, in which he admitted that his true identity was "Abdulfatah Abdo Abdo Albalaki."

33. Plaintiff's attorney of record promptly requested a hearing pursuant to 22 C.F.R. § 51.70(a), which permits a hearing for the revocation of a passport, but limits the scope of the review to "basis for the denial or revocation."

34. On February 10, 2014, Plaintiff applied for and received a limited validity

passport in his true name. He used that passport to return to the United States shortly thereafter. Plaintiff's wife and children still remain in Yemen.

35. On October 29, 2014, a hearing in accordance with 22 C.F.R. § 51.70 was held at the Department of State in Washington, D.C. The scope of the hearing was limited to a determination of whether Department of State acted properly in revoking Plaintiff's passport in accordance with 22 C.F.R. § 51.62(a)(2) based upon the determination that his true identity was "Abdulfatah Abdo Abdo Albalaki" as opposed to "Abdulfatah Abdulla Abozaid."

36. On January 12, 2015, the Department of State's decision to revoke passport number 459987502 under 22 C.F.R. § 51.62(a)(2) was upheld based on Plaintiff's sworn statement in which he admitted that his true name was "Abdulfatah Abdo Abdo Albalaki" as opposed to "Abdulfatah Abdulla Abozaid."

**FIRST CLAIM FOR RELIEF**
**(Procedural Due Process Violation under the Constitution)**

37. The allegations set forth above in paragraphs 1 through 36 inclusive are incorporated into this cause of action by reference as if set forth in full.

38. Defendant's decision to revoke Plaintiff's U.S. passport deprived Plaintiff of a constitutionally protected liberty interest under the Fifth Amendment, the freedom of international travel.

39. Defendant's actions and inactions described herein are arbitrary, capricious, constitute an abuse of discretion, are done without observance of procedure required by law, are contrary to constitutional right, are in excess of statutory jurisdiction, authority, or limitations, and are otherwise not in accordance with law, within the meaning of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2).

WHEREFORE, Plaintiff requests the Honorable Court to provide him with a de novo evidentiary hearing before a neutral fact-finder to determine the validity of Defendant's

decision to revoke his passport.

## SECOND CLAIM FOR RELIEF
### (Procedural Due Process Violation/ Failure to Apply Correct Standard of Proof)

40. The allegations set forth above in paragraphs 1 through 39 inclusive are incorporated into this cause of action by reference as if set forth in full.

41. The hearing convened by Defendant concerning the revocation of Plaintiff's U.S. passport implicated an important liberty interest, the freedom of international travel under the Fifth Amendment.

42. Defendant did not apply a "clear and convincing evidence" standard of proof at Plaintiff's hearing, which the United States Supreme Court has determined is required by the Fifth Amendment for adjudications involving a significant deprivation of liberty.

43. Defendant's actions and inactions described herein are arbitrary, capricious, constitute an abuse of discretion, are done without observance of procedure required by law, are contrary to constitutional right, are in excess of statutory jurisdiction, authority, or limitations, and are otherwise not in accordance with law, within the meaning of the APA, 5 U.S.C. § 706(2).

WHEREFORE, Plaintiff requests the Honorable Court to provide him with a de novo evidentiary hearing before a neutral fact-finder to determine the validity of Defendant's decision to revoke Plaintiff's passport.

## THIRD CLAIM FOR RELIEF
### (Reliance on Involuntary Statement in violation of the Due Process Clause)

44. The allegations set forth above in paragraphs 1 through 43 inclusive are incorporated into this cause of action by reference as if set forth in full.

45. Defendant relied on the April 2, 2013 statement to uphold the revocation of Plaintiff's passport, even though the administrative record established that the statement was

coerced, involuntary, and not the product of a free mind or a free will. In so doing, Defendant violated Plaintiffs Fifth Amendment right against the use of involuntary statements against him.

46. Because of Defendant's improper reliance on the April 2, 2013 statement, Plaintiff suffered prejudicial error.

47. Defendant's actions and inactions described herein are arbitrary, capricious, constitute an abuse of discretion, are done without observance of procedure required by law, are contrary to constitutional right, are in excess of statutory jurisdiction, authority, or limitations, and are otherwise not in accordance with law, within the meaning of the APA, 5 U.S.C. § 706(2).

**FOURTH CLAIM FOR RELIEF**
**(Defendant's Conclusions Were Not Supported by the Record)**

48. The allegations set forth above in paragraphs 1 through 47 inclusive are incorporated into this cause of action by reference as if set forth in full.

49. Defendant's conclusions were arbitrary and capricious, based on a clear error of judgment and a failure to consider the relevant factors, counter to the evidence before Defendant, based on factors that Congress did not intend Defendant to consider, and were not based on a rational connection between the facts found and the conclusions made.

50. Because of Defendant's actions described herein, Plaintiff suffered prejudicial error.

51. Defendant's actions and inactions described herein are arbitrary, capricious, constitute an abuse of discretion, are done without observance of procedure required by law, are contrary to constitutional right, are in excess of statutory jurisdiction, authority, or limitations, and are otherwise not in accordance with law, within the meaning of the APA, 5 U.S.C. § 706(2).

**FIFTH CLAIM FOR RELIEF**
**(Failure to Apply Rules of Adjudication to Passport Revocation Hearing)**

52. The allegations set forth above in paragraphs 1 through 51 inclusive are incorporated into this cause of action by reference as if set forth in full.

53. A passport revocation hearing is an adjudication that is required to be determined on the record after the opportunity for an agency hearing, within the meaning of 5 U.S.C. § 554(a).

54. Defendant did not follow the APA rules of adjudication that apply to such hearings at Plaintiff's passport revocation hearing. See 5 U.S.C. § 556.

55. Because of Defendant's failure to follow the APA rules of adjudication to Plaintiff's hearing, Plaintiff suffered prejudicial error.

56. Defendant's actions and inactions described herein are arbitrary, capricious, constitute an abuse of discretion, are done without observance of procedure required by law, are contrary to constitutional right, are in excess of statutory jurisdiction, authority, or limitations, and are otherwise not in accordance with law, within the meaning of the APA, 5 U.S.C. § 706(2).

**SIXTH CLAIM FOR RELIEF**
**(Attorneys' Fees and Cost Pursuant to 28 U.S.C § 2412)**

57. The allegations set forth above in paragraphs 1 through 56 inclusive are incorporated into this cause of action by reference as if set forth in full.

58. This is an action for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412.

59. If Plaintiff prevails in this action, he will be eligible to receive an award under the EAJA, 28 U.S.C § 2412(d)(1)(B), (2)(H).

60. The position of the Government was and is not substantially justified under the

EAJA, U.S.C § 2412(d)(1)(B)

WHEREFORE, Plaintiff requests that the judgment be entered in his favor and against Defendant and that the Court enter a judgment awarding Plaintiff his reasonable attorneys' fees and costs pursuant to the EAJA, and the Court award all other such relief to Plaintiff as this Court deems just, proper and equitable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. An Order holding unlawful and setting aside Defendant's decision to uphold the revocation of Plaintiff's passport;

2. An Order requiring Defendant to reinstate Plaintiff's passport and return it to him;

3. A judgment declaring that Defendant's policies, practices, acts, and omissions described herein violated Plaintiffs rights under the United States Constitution, the APA, and 8 U.S.C. § I 504, such policies, practices, and acts including, but not limited to:

   a. Reliance on Plaintiff's involuntary statement in violation of his Fifth Amendment rights;

   b. Failure to abide by a "clear and convincing" standard of proof at Plaintiff's passport revocation hearing;

   c. Indefinitely or permanently depriving Plaintiff of his Fifth Amendment freedom of international travel;

   d. Failure to afford Plaintiff written notice or a prompt opportunity for a hearing after revoking his passport, in violation of the Fifth Amendment and 8 U.S.C. § 1504; and

   e. Failing to give proper consideration to his court-issued Certificate of Naturalization;

4. A judgment declaring that Defendant must accept a Certificate of Naturalization issued by a federal court and that is not void on its face as conclusive proof of an applicant's citizenship absent any credible evidence that the applicant is not the same person to whom the Certificate of Naturalization was issued and for whose use the certificate was intended, and that failure to do so is unlawful and in excess of statutory authority;

5. A judgment declaring that when Defendants confiscate a U.S. Citizen's passport on suspicion that it was obtained fraudulently, illegally or erroneously under 8 U.S.C. § 1504(a), the confiscation constitutes a deprivation of liberty under the Fifth Amendment immediately triggering due process requirements, and that failure to afford due process is unlawful, in excess of statutory authority, and unconstitutional;

6. A judgment declaring that 8 U.S.C. § 1504(a) does not authorize Defendants to cancel a United States passport based on their determination that the passport was illegally, fraudulently, or erroneously obtained, when the basis for the determination is Defendant's opinion that the individual applied for the passport in a "false identity," even though the name used was consistent with a judicial Certificate of Naturalization issued to and intended for the use of the applicant-except where Defendant challenges the authenticity of the Certificate of Naturalization itself;

7. A judgment declaring that, after a hearing convened pursuant to 21 C.F.R. § 51.70 et seq., Defendant may only affirm a passport revocation if the revocation is supported by clear and convincing evidence presented at the hearing, because a passport revocation involves a significant deprivation of liberty;

8. A judgment declaring that Defendant must conduct passport revocation hearings in accordance with the Administrative Procedure Act rules of formal adjudication, as set forth in 5 U.S.C. § 554 et seq.;

9. Plaintiff's reasonable costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or any other applicable statute or regulation; and

10. Any and all other relief as this court may deem just and proper.

Dated: February 5, 2016.               Respectfully submitted,

/s/ Wahida Noorzad
Wahida Noorzad, Esq.
Attorney for Plaintiff
SAAD AHMAD & ASSOCIATES
39111 Paseo Padre Parkway, Suite 217
Fremont, CA 94538
Telephone: (510) 713-9847
Fax: (510) 713-9850